```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
|  | : |
| v. | : Criminal No. DKC 95-0267-002 |
|  | : |
| JAMES DEJESUS MARTINEZ | : |
|  | : |

**MEMORANDUM AND ORDER**

Defendant James DeJesus Martinez ("Defendant") was sentenced in 1996 pursuant to the Sentencing Guidelines Manual effective November 1, 1995. At that time, the highest offense level for controlled substances, level 38, applied to 150 kilograms or more of cocaine. With the application of Amendment 782, the offense level for 150 kilograms or more, but less than 450 kilograms, of cocaine is 36. The highest level, 38, now applies to 450 kilograms or more of cocaine.

At the time of sentencing, for guideline purposes, the court only needed to find that at least 150 kilograms of cocaine were attributable to Defendant and Judge Williams did so:

> When you look at the evidence the way I did, involving many persons making numerous trips and many sales to various persons throughout these three, four years, according to the testimony, clearly the Court finds that there was in excess of 150 kilograms of cocaine.
>
> As the government suggested, it probably was closer to 400 or thereabouts. So I have no

>problem with reference to both of you [Mr. Martinez and Mr. Borda] that the base offense level starts at a 38.

Docket No. 396, Transcript, 9/16/96 at 55. The government contends, however, that the quantity was more than 450 kilograms, making Defendant ineligible for a sentence reduction. It does so by relying on facts recited in the appellate opinion. The facts are close, if not identical, to those recited in the pre-sentence report. It might have been possible for the government to persuade the sentencing judge that the quantity exceeded 450 kilograms of cocaine, but that did not happen. Instead, Judge Williams only remarked that the quantity was close to 400 kilograms. Accordingly, the defendant appears to be eligible for a sentence reduction.

The sentencing range thus becomes 360 months to life, and Defendant seeks 360 months while the government advocates for denial of any reduction.

Upon consideration of the factors applicable under § 3553(a), the sentence will be reduced, albeit not as much as requested. While the quantity used for guideline calculations has been determined to be less than 450 kilograms, it is not under that threshold by much. Judge Williams remarked that the quantity was close to 400 or thereabouts and the record amply supports that finding. Defendant was 35 years old at the time of sentencing, and a 30 year sentence would mean release at

2

around age 60, assuming good conduct.  There is obviously room between 360 months and a life sentence.  Indeed, for statistical purposes, the United States Sentencing Commission uses 470 months as the equivalent to a life sentence: "In cases where the court imposes a sentence of life imprisonment, a numeric value is necessary to include these cases in any sentence length analysis.  Accordingly, life sentences are reported as 470 months, a length consistent with the average life expectancy of federal criminal offenders given the average age of federal offenders."  U.S. Sentencing Comm'n, *2014 Interactive Sourcebook of Federal Sentencing Statistics app. A*, *available at* http://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2014/Appendix_A.pdf#page=2 (last visited Feb. 1, 2016).  Age 35 is the mean age for drug trafficking defendants.

For the foregoing reasons, the court will reduce Mr. Martinez's sentence by separate order to 420 months.


Date: February 2, 2016                 /s/
                                DEBORAH K. CHASANOW
                                United States District Judge